David S. Bloch (SBN: 184530)
dbloch@winston.com
Laura M. Franco (SBN: 186765)
lfranco@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA  94111-5802
Telephone:  (415) 591-1000
Facsimile:   (415) 591-1400

Attorneys for Plaintiff
CHARLES SCHWAB & CO., INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Charles Schwab & Co., Inc., | Case No. |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| vs. | **DEMAND FOR JURY TRIAL** |
| Steiner & Libo, P. C. and Nicholas Behunin, | |
| Defendants. | |

## INTRODUCTION

This action for copyright infringement arises from defendants' unauthorized reproduction and public display of plaintiff's copyrighted website homepage on defendants' own website—a website defendants registered in an effort to influence the outcome of a lawsuit that does not involve plaintiff at all.  Since being notified of plaintiff's objection, defendants have blurred out the infringing images, but it would be a trivial matter to reverse the blurring and reinstate the accused website.  Therefore, plaintiff seeks a permanent injunction to ensure that defendants refrain from further unlawful use of plaintiff's copyrighted work.

## JURISDICTION

1. This Court has subject matter jurisdiction over this action pursuant to 17

U.S.C. §501, 28 U.S.C. §§1331 and 1338 because it arises under the federal Copyright Act (17 U.S.C. § 101 *et seq.*).

## VENUE

2.  Venue is proper in this District under 28 U.S.C. §1391(b) because a substantial portion of the events giving rise to the claims for relief stated in this Complaint occurred in this District.  Venue is also proper under 28 U.S.C. §1391(c) as, on information and belief, defendants either reside in this District or are subject to personal jurisdiction in this District.

## THE PARTIES

3.  Plaintiff Charles Schwab & Co., Inc. ("Plaintiff" or "Charles Schwab") is a California corporation with its principal place of business in San Francisco, California.

4.  On information and belief, defendant Steiner & Libo, Professional Corporation ("Steiner & Libo") is a California professional corporation with a business address of 433 N. Camden Drive, Suite 730, Beverly Hills, CA 90210.  On information and belief, defendant Steiner & Libo does substantial business within this District by providing legal services in this District.

5.  On information and belief, defendant Nicholas Behunin ("Behunin," together with Steiner & Libo, "Defendants") is an individual residing in Los Angeles County.

6.  At all relevant times, Defendant Steiner & Libo and were acting as legal counsel for Defendant Behunin.

7.  At all relevant times, Defendants were the agents of each other and in performing the actions alleged herein and were acting within the course and scope of such agency and with the permission and consent of one another.

## GENERAL ALLEGATIONS

8.  Charles Schwab & Co., Inc. is a publicly traded securities broker-dealer. Plaintiff provides a full range of securities brokerage, banking and lending, money

1  management, and financial advisory services to individual investors and independent
2  investment advisors.

3      9.    Schwab offers many of these services, as well as engages with its clients
4  and the public generally, through a publicly available website located at
5  www.schwab.com.  On June 11, 2013 Schwab introduced the current version of the
6  *Schwab.com* website, which contains copyrightable text and visual elements.  At all
7  relevant times, the *Schwab.com* website was marked with a copyright notice.

8      10.    To perfect its copyrights in the homepage of its *Schwab.com* website,
9  Schwab filed for and received a copyright registration for its homepage, Registration
10 No. VAu 10185-087 (the "Registration").  While the *Schwab.com* website is publicly
11 viewable, it is not a published work, as defined by the Copyright Act, and therefore
12 Schwab sought registration of the homepage as an unpublished work.  A copy of
13 Schwab's Registration is attached as Exhibit A.  Schwab's Registration issued prior to
14 its filing the instant complaint.

15     11.    At all relevant times herein, Schwab has been and continues to be the
16 sole owner of all rights, titles and interests in and to the copyright in the Schwab.com
17 homepage and the Registration (the "Work").

18     12.    On information and belief, on or about August 6, 2014, Defendant
19 Steiner & Libo registered or caused to be registered the domain names *chuck-you.com*
20 and *chuck-u.com* on behalf of its client, Behunin.  Also on information and belief,
21 Steiner and Libo created or had created a website located at *chuck-you.com* that
22 publicly displayed a reproduction of the Work as the homepage of the *chuck-you.com*
23 website.  (The *chuck-u.com* domain name points to the *chuck-you.com* domain name,
24 so that when a user inputs "chuck-u.com" into an internet browser, the *chuck-you.com*
25 website appears.)  Defendant's use of the Work on the *chuck-you.com* website was not
26 authorized by Plaintiff, and though the *chuck-you.com* website copies Plaintiff's
27 Work, the text of the infringing website does not mention Plaintiff at all.

28     13.    On information and belief, defendant Steiner & Libo is the law firm

*Winston & Strawn LLP*
*101 California Street*
*San Francisco, CA 94111-5802*

representing Behunin in connection with a lawsuit filed against Michael Schwab and Charles Schwab. Plaintiff is not a party to that lawsuit. Charles Schwab is Plaintiff's founder but no longer has a controlling interest in Plaintiff. Michael Schwab is Charles Schwab's son. On information and belief, the contents of the *chuck-you.com* website contained false and scandalous allegations against Michael and Charles Schwab, as set forth in the tort claims filed by Michael and Charles Schwab against Steiner & Libo and Behunin, copies of which are attached hereto as Exhibits B and C, respectively.

14. Schwab became aware of the unauthorized use of its Work on or about October 2, 2014. True and correct copies of screenshots taken of the *chuck-you.com* website on or around October 2, 2014 are attached as Exhibit D. While the *chuck-you.com* website originally did not identify the provider of the website, either through a copyright notice, attribution or contact information, on October 10, 2014, the website was revised to identify Defendant Steiner & Libo as the provider of the website. A copy of the homepage and contact page from the *chuck-you.com* website identifying Defendant Steiner & Libo are attached as Exhibit E (formatting deleted when downloaded).

15. Similarly, while the registrant information for the *chuck-you.com* and *chuck-u.com* domain names were, at the time Schwab discovered the infringement, hidden by a privacy protection service, on or about October 15, 2014 the privacy protection was lifted, and the "Whois" records for those domain names revealed that Leonard Steiner of Defendant Steiner & Libo was the registered owner of the *chuck-you.com* and *chuck-u.com* domain names. A copy of the October 15, 2014 "Whois" records for both the *chuck-you.com* and *chuck-u.com* domain names are attached collectively as Exhibit F.

16. Also on October 15, 2014, the *chuck-you.com* homepage was revised again, this time blurring out the Schwab Work, such that the Schwab Work was no longer recognizable. The website still references Steiner & Libo. A copy of the

*chuck-you.com* homepage as of October 15, 2014 is attached as Exhibit G.

17. Subsequently, on October 21, 2014, the *chuck-you.com* website was again revised – this time identifying Behunin as the creator. Specifically, the homepage states "N. Behunin, All Rights Reserved." The "Whois" record for the *chuck-you.com* and *chuck-u.com* domain names likewise changed to reflect Behunin as the registered owner of those domain names. Attached as Exhibit H is a copy of the *chuck-you.com* homepage and as Exhibit I are the Whois records for the *chuck-you.com* and *chuck-u.com* domain names, both as of October 30, 2014.

**FIRST CAUSE OF ACTION**
**Direct Copyright Infringement**
**(17 U.S.C. § 501 et seq.)**

18. Plaintiff incorporates by reference paragraphs 1-17 above.

19. Defendants, through the conduct described above, willfully infringed Schwab's copyrights in the Work when they reproduced and publicly displayed the Work as the homepage for the *chuck-you.com* website.

20. On information and belief, Defendants have benefitted, and Plaintiff has suffered, from Defendants' unauthorized use of Plaintiff's Work, and will continue to do so in the future if not enjoined.

21. Defendants' use of Plaintiff's Work to impugn individuals in connection with a lawsuit in which Plaintiff is not a party is not a fair use and does not qualify as a parody of Plaintiff or Plaintiff's Work.

22. Therefore, Plaintiff is entitled to relief as set forth below.

**SECOND CAUSE OF ACTION**
**Contributory Copyright Infringement**
**(17 U.S.C. § 501 et seq.)**

23. Plaintiff incorporates by reference paragraphs 1-22 above.

24. The Work owned by Plaintiff has been unlawfully reproduced and publicly displayed without Plaintiff's authorization on the website *chuck-you.com*. The *chuck-you.com* and *chuck-u.com* domain names were, at all relevant times, registered either to Defendant Steiner & Libo or Defendant Behunin. In the event that

it is determined that the website containing the Work was not created directly by Defendants, but by an authorized party acting on behalf of and at the direction of Defendants, then Defendants are secondarily liable under the Copyright Act for such infringement.

25. Defendants are liable as contributory copyright infringers. Defendants have actual and constructive knowledge of the infringing activity that occurred on and through the *chuck-you.com* website. Through the creation, maintenance and operation of the site and facilities for this infringement, including the domain names *chuck-you.com* and *chuck-u.com*, Defendants knowingly caused and/or otherwise materially contributed to the unlawful reproduction and public display of Plaintiff's Work.

26. On information and belief, Defendants' action were willful, and they have benefitted, and Plaintiff has suffered, from Defendants' unauthorized use of Plaintiff's Work, and will continue to do so in the future if not enjoined.

27. Use of Plaintiff's Work to impugn individuals in connection with a lawsuit in which Plaintiff is not a party is not a fair use and does not qualify as a parody of Plaintiff or Plaintiff's Work.

28. Therefore, Plaintiff is entitled to relief as set forth below.

### THIRD CAUSE OF ACTION
### Vicarious Copyright Infringement
### (17 U.S.C. § 501 et seq.)

29. Plaintiff incorporates by reference paragraphs 1-28 above.

30. The Work owned by Plaintiff has been unlawfully reproduced and publicly displayed without Plaintiff's authorization on the website *chuck-you.com*. The *chuck-you.com* and *chuck-u.com* domain names were, at all relevant times, registered either to Defendant Steiner & Libo or Defendant Behunin. In the event that it is determined that the website containing the Work was not created directly by Defendants, but by an authorized party acting on behalf of and at the direction of Defendants, then Defendants are secondarily liable under the Copyright Act for such infringement.

31. Defendants are vicariously liable as copyright infringers. Defendants have the right and ability to supervise and control the infringing reproduction and display of Plaintiff's Work on the *chuck-you.com* website, and at all relevant times have derived a direct financial benefit attributable to the infringement from that website.

32. On information and belief, Defendants' action were willful, and they have benefitted, and Plaintiff has suffered, from Defendants' unauthorized use of Plaintiff's Work, and will continue to do so in the future if not enjoined.

33. Use of Plaintiff's Work to impugn individuals in connection with a lawsuit in which Plaintiff is not a party is not a fair use and does not qualify as a parody of Plaintiff or Plaintiff's Work.

34. Therefore, Plaintiff is entitled to relief as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Schwab prays that the Court enter judgment as follows:

A. That the Court enter judgment finding that Defendants Steiner & Libo and Nicholas Behunin have directly, contributorily and/or vicariously infringed Plaintiff's exclusive copyrights in its Work in violation of 17 U.S.C. § 501 *et seq.* and award its costs of suit, attorneys' fees and expert witness fees;

B. Preliminarily and permanently enjoining Defendants, and all persons in active concert or participation with them, from using Plaintiff's Work.

C. Granting such other relief as the Court may determine just and equitable.

Dated: October 30, 2014         WINSTON & STRAWN LLP

By: /s/ David Bloch
David S. Bloch
Laura M. Franco

Attorneys for Plaintiff
CHARLES SCHWAB & CO., INC.

//

**DEMAND FOR JURY TRIAL**

Schwab demands trial by jury of all issues triable by a jury.

Dated: October 30, 2014        WINSTON & STRAWN LLP

By: /s/ David Bloch
David S. Bloch
Laura M. Franco

Attorneys for Plaintiff
CHARLES SCHWAB & CO., INC.